## Case No. 14,596.
### UNITED STATES v. BIRCH et al.
[3 Cranch, C. C 180.] [1]
Circuit Court, District of Columbia. Nov. Term, 1827.

#### WITNESS—NEGRO—JOINT INDICTMENT.

A colored man is not a competent witness in Alexandria against a colored man indicted jointly with white men for a riot.

James Birch, a white man, was indicted jointly with others for a riot. One of the defendants, William Bill, was a colored man.

Mr. Swann, for the United States, offered Wilfred Mortimer, a colored man, born of a white woman, as a witness for the prosecution against the colored defendant, William Bill.

Mr. Mason, for defendants, objected.

By the 5th section of the Virginia act of 7th of December, 1792 (page 187), it is enacted that "no negro or mulatto shall be a witness, except in pleas of the commonwealth against negroes or mulattoes; or in civil pleas where negroes or mulattoes alone shall be parties."

THE COURT (THRUSTON, Circuit Judge, absent), rejected the witness; because it was a joint indictment, and the defendants had pleaded jointly; and the testimony, if given against one, would operate against all.

---

## Case No. 14,597.
### UNITED STATES v. BIRD.
[1 Spr. 299.] [2]
District Court, D. Massachusetts. July, 1855.

#### CRIMINAL LAW — LOCUS OF OFFENCE — WITHOUT LIMITS OF UNITED STATES—BRINGING WITHIN DISTRICT.

1. An offence, committed within the United States, must be tried in the state and judicial district, within which it was committed.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

2. If committed without the limits of the United States, on the high seas, it must be tried in the district where the offender is apprehended, or into which he may be first brought.

3. By being brought within a district, is meant, brought in legal custody, and not merely being conveyed thither by the ship in which the offender first arrives.

This indictment alleged an offence to have been committed on the high seas, and that the prisoner was first brought into the district of Massachusetts. Questions of jurisdiction arose upon the evidence. The counsel for the prisoner contended, that the offence, if any, was committed on the Mississippi river, and within the state of Louisiana; and further, that if committed beyond the limits of that state, the prisoner was not first brought into this district.

B. F. Hallett, U. S. Dist. Atty.

J. H. Prince, for prisoner.

SPRAGUE, District Judge, said that if an offence be committed within the United States, it must be tried in the state and district within which it was committed. Const. Amend. 6. If the offence be committed without the limits of the United States, on the high seas, or in a foreign port, the trial must be had in the district "where the offender is apprehended, or into which he may be first brought." St. 1790, c. 9, § 8 (1 Stat. 113, 114); St. 1825, c. 65, § 14 (4 Stat. 118). By being brought within a district, is not meant merely being conveyed thither by the ship in which the offender may first arrive; but the statute contemplates two classes of cases, one in which the offender shall have been apprehended without the limits of the United States, and brought, in custody, into some judicial district; the other, in which he shall not have been so apprehended and brought, but shall have been first taken into legal custody, after his arrival within some district of the United States, and provides in what district each of these classes shall be tried. It does not contemplate, that the government shall have the election, in which of two districts to proceed to trial. It is true, that in U. S. v. Thompson [Case No. 16,492], Judge Story seems to think that a prisoner might be tried either in the district where he is apprehended, or in the district into which he was first brought. But the objection in that case did not call for any careful consideration of the meaning of the word "brought," as used in the statute; nor does he discuss the question whether the accused, having come in his own ship, satisfies that requisition. In that case, the party had not been apprehended abroad, and the decision was clearly right, as the first arrest was in the district of Massachusetts. The statute of 1819, c. 101, § 1 (3 Stat. 532), for the suppression of the slave trade, is an example of a case in which an offender may be apprehended without the limits of the United States, and sent to the United States for trial. Ex parte Bollman and Swartwout, 4 Cranch [8 U. S.] 136.